UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

GLORIA STHEFANY BAQUE,

    Plaintiff,                             **JURY TRIAL DEMANDED**

    v.

MAMACITA'S, INC., a Florida profit corporation,
MARIA B. NARVAEZ; JOSE A. GOMEZ, and
MARLON GOMEZ,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, GLORIA STHEFANY BAQUE ("BAQUE") by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, MAMACITA'S, INC., a Florida profit corporation, (hereinafter ("MAMACITA"), MARIA B. NARVAEZ, (hereinafter "NARVAEZ"); JOSE A. GOMEZ, (hereinafter "J. GOMEZ"), and MARLON GOMEZ (hereinafter, "M. GOMEZ") and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, MAMACITA was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint,

MAMACITA, NARVAEZ, J. GOMEZ and M. GOMEZ, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants operated a restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included food and drinks that were originally manufactured outside the State of Florida.

4. During the relevant time period, Defendants employed the Plaintiff, who was "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).

5. During the period of the Plaintiff's employment, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00 in accordance with §203(s)(1)(A)(ii).

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

  b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, BAQUE was a resident of Davie, Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, the Defendants were conducting business in Hollywood, Broward County, Florida.

11. At all times material hereto, Defendants were the employers of Plaintiff, BAQUE.

12. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

13. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, BAQUE her earned wages in conformance with the FLSA.

14. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, MAMACITA was an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about February 15, 2018, the Plaintiff was hired by the Defendants as a waitress at the Defendants' restaurant. Her employment ended about November 15, 2019.

19. During Plaintiff, BAQUE's employment, Defendants failed to pay the Plaintiff at or above the minimum wage for all hours worked.

20. On work days Monday through Friday, the Plaintiff was only paid by the Defendants, $21.00 per shift (about 10 hours).

21. When the Plaintiff worked on the weekends at the Defendants' restaurant, she was paid nothing as wages.

22. When the Plaintiff worked on weekends, the only monies she received were tips from customers.

23. In addition, Plaintiff, BAQUE worked in excess of forty hours per week, but was not paid at the rate of time-and-one-half her regular rate of pay.

24. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

25. Defendant, J. GOMEZ was a supervisor and or manager/owner who was involved in the day-to-day operations of the corporation and/or was directly responsible for the supervision of Plaintiff.  Therefore, he is personally liable for the FLSA violations.

26. Defendant, M. GOMEZ was a supervisor and or manager/owner who was involved in the day-to-day operations of the corporation and/or was directly responsible for the supervision of Plaintiff.  Therefore, he is personally liable for the FLSA violations.

27. Defendant, NARVAEZ was a supervisor and or manager/owner who was involved in the day-to-day operations of the corporation and/or was directly responsible for the supervision of Plaintiff. Therefore, she is personally liable for the FLSA violations.

28. Defendants NARVAEZ, J. GOMEZ and M. GOMEZ were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

29. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

30. Plaintiff, BAQUE realleges Paragraphs 1 through 29 as if fully stated herein.

31. During her employment, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

32. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

33. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

34. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

35. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.  Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

   a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;
   b. Awarding Plaintiff overtime compensation in the amount calculated;
   c. Awarding Plaintiff liquidated damages in the amount calculated;
   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);
   e. Awarding Plaintiff post-judgment interest; and
   f. Ordering any other and further relief this Court deems to be just.

### COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

38. Plaintiff realleges Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

40. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

41. The Defendants paid Plaintiff below the applicable minimum wage for her work hours.

42. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

43. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

44. Plaintiff, BAQUE realleges Paragraphs 1 through 29 as if fully stated herein.

45. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

46. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours.

47. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding Plaintiff all back wages due and owing;

    c.    Awarding Plaintiff liquidated damages in the amount equal to her back wages;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.    Awarding Plaintiff prejudgment and post-judgment interest;

    f.    Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

    g.    Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

    h.    Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 17, 2019.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: <u>Peter Bober, Esq.</u>
PETER BOBER
FBN: 0122955