UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  19-63107-CIV-MORENO

GLORIA STHEFANY BAQUE,

      Plaintiff,

  v.

MAMACITA'S, INC., a Florida profit corporation,
MARIA B. NARVAEZ; JOSE A. GOMEZ, and
MARLON GOMEZ,

      Defendants.

_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT, DISMISS WITH PREJUDICE, AND RETAIN JURISDICTION TO ENFORCE

The Plaintiff and Defendants, through undersigned counsel, hereby respectfully request that this Court approve the Parties' Confidential FLSA Settlement Agreement, Dismiss Case With Prejudice, and retain jurisdiction to enforce.  The Parties state as follows:

### Procedural History and Facts

On December 17, 2019, the Plaintiff filed a Complaint (DE 1) against the Defendants alleging minimum wage violations provisions of the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Amendment.  The Plaintiff also asserts an FLSA unpaid overtime claim (Count I).  On February 24, 2020, the Defendants filed an Answer with Affirmative Defenses disputing all liability.  Notwithstanding that the Defendants dispute the Plaintiff's entitlement to any relief under the FLSA or any other law, the Defendants have agreed to settle this case.

Contemporaneous with the filing of this Motion, the Court is being provided with a copy of the Confidential Settlement Agreement via joint e-mail submission by the parties' counsel.

**<u>Memorandum of Law</u>**

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' claims against Defendant.  *See, Lynn's Food Stores, Inc. v. United States,* 679 F.2d, 1350, 1354 (11th Cir. 1982). The proposed settlement arises out of an action that was adversarial in nature.   Among the numerous contested facts between the parties: (1) the number of hours Plaintiff worked per week, (2) whether the Plaintiff was paid at or above the applicable minimum wage rate, (3) whether the Defendants are entitled to an FLSA "tip credit" against the minimum wages paid the Plaintiff, (4) whether the Plaintiff is entitled to liquidated damages; (5) whether the individual defendants can be held liable as "employers," as defined by the FLSA.

In light of the factual disputes, this settlement allows the Parties to move on, and avoid the risks and continuing costs and fees of litigation.  The settlement also promotes judicial efficiency. Based, on the foregoing, the Court should find the Parties' Agreement fair and reasonable.

WHEREFORE, the Plaintiff and the Defendant move the Court to approve and ratify and approve the Parties' settlement, retain jurisdiction to enforce the obligations under the Settlement, dismiss the Plaintiff's case with prejudice, and grant all other relief deemed appropriate.

Respectfully submitted this 25th day of June 2020 by,

| | |
|---|---|
| BOBER & BOBER, P.A. | THE CARLIN LAW FIRM, PLLC |
| 2699 Stirling Road, Suite A-304 | Victoria Park Centre |
| Hollywood, FL 33312 | 1401 E. Broward Boulevard, Suite 101 Fort |
| (954) 922-2298 Telephone | Lauderdale, Florida 33301 |
| (954) 922-5455 Facsimile | Tel.: (954) 440-0901 |
| | |
| By: */s/ Peter Bober* _____ | By: */s/ Justin C. Carlin* |
| Peter Bober, Esq. | Justin Carlin, Esq. |
| Florida Bar No. 0122955 | Fla. Bar No.: 068429 |
| peter@boberlaw.com | jcarlin@carlinfirm.com |
| | Attorneys for Defendants |